UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:23-cv-10523-CAS (SK) | Date: June 2, 2025 |
| Title | Frank Dominguez, et al. v. County of Los Angeles California, et al. | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiffs Frank Dominguez and Elyse Selvage, proceeding in forma pauperis and pro se, have named the County of Los Angeles and at least ten County officials in a civil suit nominally under 42 U.S.C. § 1983. (ECF 35). Defendants have moved to dismiss the operative Second Amended Complaint (SAC) for failure to state a claim on which relief may be granted. (ECF 38). After several requested extensions, plaintiffs opposed the motion to dismiss on the merits but alternatively asked for leave to file another amended complaint to cure (if possible) any claims otherwise subject to dismissal for the reasons detailed in defendants' motion. (ECF 43 at 5–6). For their part, defendants argue that amendment would be futile and so ask that the SAC be dismissed without leave to amend. (ECF 44 at 6–7). Even on its own terms, then, defendants' motion to dismiss cannot be decided without necessarily addressing plaintiffs' request for leave to file a third amended complaint.

When seeking such leave of court, however, plaintiffs' "proposed amended pleading must be filed as an attachment to the related motion." L.R. 15-1. But no proposed third amended complaint is attached to plaintiffs' request for leave to amend the SAC as required by the local rule. This requirement is no mere formality—and it is especially important in a pro se action like this one where the operative complaint is a "shotgun" pleading. A shotgun complaint contains multiple claims undifferentiated from one another and indiscriminately alleged against a multitude of parties; is replete with conclusory, vague, and immaterial facts unconnected to any particular claim; or asserts a litany of claims against multiple defendants without stating what acts or omissions each defendant is allegedly responsible for. *See Nevijel v. N. Coast Life Ins.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:23-cv-10523-CAS (SK) | Date: June 2, 2025 |
| Title | Frank Dominguez, et al. v. County of Los Angeles California, et al. | |

*Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981); *Shin v. Time Squared Glob., LLC*, 2015 WL 13284952, at *3 (C.D. Cal. Aug. 26, 2015); *Jaime v. Parts Auth. LLC*, 2021 WL 3055041, at *7 (D. Ariz. July 20, 2021). Stated conversely, a properly alleged complaint must give at least "fair notice" to defendants what each is alleged to have done in violation of law and then state the elements of each cognizable claim "plainly and succinctly." *Jones v. Cmty. Redevelopment Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984). Those fundamental pleading requirements are no less enforceable against pro se litigants since even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (cleaned up).

Plaintiffs are therefore ORDERED TO SHOW CAUSE in writing by no later than **June 16, 2025** why their request for leave to file a third amended complaint should not be denied, such that defendants' motion to dismiss—if granted on the merits—would result in dismissal of this action with prejudice. Plaintiffs may satisfy this order by timely lodging their proposed third amended complaint by the show-cause deadline.[1]

---

[1] For plaintiffs' benefit, they are cautioned that any third amended complaint must—at a minimum—cure the following pleading deficiencies (which are by no means exhaustive):

  a. "While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (1997) (cleaned up). Thus, plaintiffs may not have their pleadings prepared by non-attorneys, including Michael Watkins who has apparently suggested that he represents Dominguez in some capacity. (ECF 38 at 36). Worse, parts of the SAC not only reference Watkins as if he were a party to this suit, but they also repeat verbatim portions of Watkins' own pleadings filed in other lawsuits in this district. (ECF 35 at 22, 37, 49–50, 52; *compare Maryann Watkins, et al. v. County of Los Angeles*, *et al.*, No. 2:22-cv-2167-WLH, ECF 41).

  b. "Every pleading . . . must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Although Elyse Selvage was added as named plaintiff in the SAC, she did not personally sign the complaint. (ECF 35 at 1, 7, 59). As a pro se litigant himself, plaintiff Dominguez cannot pursue claims on behalf of another. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Johns*, 114 F.3d at 876–77.

  c. Plaintiffs' ostensible section 1983 claims, including any professed Fifth Amendment takings claim, are subject to California's two-year statute of limitations for personal injury suits. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 689 n.4 (9th Cir. 1993); Cal. Civ. Proc. Code § 335.1. Thus, for any claims stemming from defendants' November 2019 entry onto plaintiffs' property, they needed to have sued by no later than November 2021—more than two years before plaintiffs actually filed suit in December 2023. *See*, *e.g.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:23-cv-10523-CAS (SK) | Date: June 2, 2025 |
| Title   Frank Dominguez, et al. v. County of Los Angeles California, et al. | |

Alternatively, if they want to avoid a dismissal with prejudice, plaintiffs may voluntarily dismiss this action <u>without</u> prejudice using the attached Form CV-09x.  If, however, plaintiffs do neither these things on time, nor otherwise timely respond in writing to this order, this action may be involuntarily dismissed—with no further notice or warning—for lack of prosecution and noncompliance with court orders.  *See* Fed. R. Civ. P. 41(b); Local Civil Rule 41-1; *see also* Local Civil Rule 41-6 ("If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned . . . as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").

   IT IS SO ORDERED.

---

*Canatella v. Van De Kamp*, 486 F.3d 1128, 1133–34 (9th Cir. 2007) (First Amendment claim accrues at time of alleged injury); *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) ("For Fourth Amendment violations, federal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs.") (cleaned up).

   d.   If success on any of Dominguez's claims arising from the County's criminal prosecution of him would necessarily imply the invalidity of his no-contest plea in April 2024, as many of the claims apparently would (ECF 35 at 5–6, 8–9, 13–14), they are barred by *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 643 (9th Cir. 2018); *Muhammad v. Cnty. of Riverside*, 2025 WL 843318 at *11 (C.D. Cal. Mar. 17, 2025).

   e.   The individually named defendants may not be sued for damages in their personal capacities for an unconstitutional taking.  *See, e.g.*, *Bridge Aina Le'a, LLC*, 125 F. Supp. 3d 1051, 1078–79 (D. Haw. Aug. 25, 2015) ("[M]onetary relief is simply unavailable against individuals sued in their individual capacities" because "[t]he very nature of a taking is that a public entity is taking private property for a public purpose, and must provide just compensation in return," which "is inconsistent with the notion that someone acting in an individual capacity has taken property or could be personally liable for a taking"); *accord, e.g.*, *Langdon v. Swain*, 29 F. App'x 171, 172 (4th Cir. 2002) ("[T]akings actions sound against governmental entities rather than individual state employees in their individual capacities."); *Vicory v. Walton*, 730 F.2d 466, 467 (6th Cir. 1984) ("Unlike a trespass or other property tort which may be committed by either an individual under or not under color of law or by a governmental entity, a taking without just compensation in violation of the fifth amendment is an act or wrong committed by a government body—a taking for public use.") (cleaned up).