UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:23-cv-10523-CAS (SK)                          Date: October 14, 2025
Title       Frank Dominguez, et al. v. County of Los Angeles California, et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

|  Connie Chung  |  n/a  |
| --- | --- |
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):
         None present                                    None present

**Proceedings:**        (IN CHAMBERS) **FINAL ORDER TO SHOW CAUSE**

     Under the Court's September 26, 2025 Scheduling Order, the parties were ordered to file a joint status report by October 8, 2025.  (ECF 57).  But on October 10, 2025, counsel for Defendants filed a declaration advising that Plaintiffs have neither properly responded nor cooperated in the filing of a joint status report as ordered.  (ECF 59).  The most important part of that joint status report—for Plaintiffs' benefit—was to be the parties' joint selection of a mediation method as discussed extensively at the September 24, 2025 case management conference.  "A scheduling order is not a frivolous piece of paper, idly entered."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (cleaned up).  Permitting parties to disregard a scheduling order with impunity "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."  *Id*. Thus, Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure provide for sanctions—including involuntary dismissal—when any party disobeys or disregards a court order, as Plaintiffs have apparently done here (again).

     For this reason, Plaintiffs are **ORDERED TO SHOW CAUSE** in writing by no later than October 27, 2025, why this action should not be involuntarily dismissed for lack of prosecution and failure to obey court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1. If Plaintiffs no longer intend to prosecute this action in compliance with court orders, rules, and procedures, they must file by the show-cause deadline a notice of voluntary dismissal without prejudice using the attached CV-09x form.  Alternatively, they must respond to Defendants' written requests so that the required joint status report can be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-10523-CAS (SK)                                    Date: October 14, 2025

Title        Frank Dominguez, et al. v. County of Los Angeles California, et al.

filed by the show-cause deadline.  **Failure to do one of those two things on time may lead to involuntary dismissal of this action—with no further warning—for failure to prosecute and to obey court orders.**[1]

IT IS SO ORDERED.

---

[1] As the Court repeatedly explained at the case management conference, just because Plaintiffs may be unrepresented doesn't mean that they can continue to ignore and violate court orders. What's more, the most important goal of the joint status report anyway was to provide a stipulated method of alternative dispute resolution for the parties—something that Plaintiffs insisted was among the highest case-management priorities for them in the litigation of this case.